IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Campitelli, : 
                Petitioner : 
                 : 
           v. : No. 300 C.D. 2021
                 : SUBMITTED:  September 20, 2021
Tyco International (US), Inc. : 
(Workers' Compensation Appeal : 
Board), : 
                Respondent : 

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                        FILED:  October 14, 2021

James Campitelli (Claimant) petitions this Court for review of the February 19, 2021 order of the Workers' Compensation Appeal Board (Board), which affirmed the reinstatement of Claimant's total disability benefits, effective November 30, 2016.  The sole issue before this Court is whether Claimant is entitled to reinstatement as of May 30, 2014, the date his disability status was initially modified based on the results of an impairment rating evaluation (IRE) performed under former Section 306(a.2) of the Workers' Compensation Act (Act).[1]  After review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).  Former Section 306(a.2) of the Act provided that a claimant, after receiving total disability benefits for 104 weeks, must submit to an IRE for the purpose of calculating his degree of impairment due to the compensable injury.  In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *affirmed*, 161 A.3d
**(Footnote continued on next page…)**

## I. Background

Claimant sustained a work injury on November 2, 2011, after striking his head on a valve while employed as an engineer for Tyco International (US), Inc. (Employer). Certified Record (C.R.), Item Nos. 23, 29. A workers' compensation judge (WCJ) awarded Claimant total disability benefits for the work injury, which consisted of closed head trauma, a concussion, and post-concussive syndrome, effective November 2, 2011, and ongoing. *Id.*, Item No. 29. In a letter dated September 29, 2014, Employer notified Claimant that his disability status would be modified from total to partial, following a May 30, 2014 IRE conducted pursuant to the Sixth edition of the AMA Guides, which assigned Claimant a whole-body impairment rating of 34%. *Id.*, Item Nos. 22-23. Claimant did not appeal the change to his disability status.

On November 30, 2016, following this Court's decision in *Protz I*, Claimant filed review and modification petitions (Petitions), seeking reinstatement of total disability benefits on the basis that the May 30, 2014 IRE was unconstitutional. C.R. Item Nos. 2-3. At that time, Claimant had not yet exhausted his 500 weeks of partial

---

827 (Pa. 2017) (*Protz II*), this Court held that former Section 306(a.2) of the Act was an unconstitutional delegation of legislative power, as it provided that an IRE should be conducted pursuant to the "most recent" version of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). *Protz I*, 124 A.3d at 416. We directed that future IREs must utilize the Fourth edition of the AMA Guides, the version in effect at the time former Section 306(a.2) was enacted. *Id.* at 417. The Supreme Court affirmed this Court in *Protz II* but struck down Section 306(a.2) in its entirety.

Act 111 largely reenacted the IRE provisions held unconstitutional in *Protz II* but specified that an IRE must utilize the Sixth edition (second printing April 2009) of the AMA Guides. Section 306(a.3)(1) of Act 111 also lowered the threshold percentage of disability below which a claimant's disability status could be modified from 50%, under former Section 306(a.2) of the Act, to 35%. 77 P.S. § 511.3(1). Section 306(b) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks. 77 P.S. § 512.

2

disability benefits.  On December 20, 2017, shortly after the Supreme Court issued its June 20, 2017 decision in *Protz II*, the WCJ circulated a decision granting the Petitions and reinstating Claimant's total disability benefits, effective May 30, 2014. C.R., Item No. 7.  Employer appealed to the Board, challenging the WCJ's retroactive application of *Protz II.  Id.*, Item No. 8.

During the pendency of Employer's appeal before the Board, this Court decided *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), holding that the claimant, Paulette Whitfield (Whitfield), whose disability status was modified pursuant to an IRE rendered invalid by *Protz II* and who filed a petition seeking reinstatement of total disability benefits within three years of her last payment of compensation, was entitled to reinstatement as of the date she filed her reinstatement petition.  We further held that reinstatement of Whitfield's benefits was governed by Section 413(a) of the Act,[2] requiring proof that her disability had recurred.  *Id.* at 617. Therefore, we vacated the Board's order and remanded the matter for a determination with respect to Whitfield's continuing disability and her entitlement to reinstatement under Section 413(a) of the Act.  *Id.*

Instantly, relying on our decision in *Whitfield*, and the enactment of Act 111, the Board remanded this matter to the WCJ for the purpose of reopening the record and allowing the parties to "seek appropriate remedies in accordance with the current state of the law."  C.R., Item No. 10, at 3.

Claimant testified at a remand hearing before the WCJ on June 18, 2019, that he has not worked in any capacity since November 2, 2011, and that his treating physician, Leonard Bruno, M.D., had not released him to return to work.  C.R., Item

---

[2] 77 P.S. § 772.

No. 20, Notes of Transcript (N.T.), 6/18/19, at 9, 16. Claimant did not believe he could return to his pre-injury position, and he denied having fully recovered from his work injury, as his condition had not improved and he continued to suffer from balance problems, daily headaches, and double vision when reading small print. *Id.* at 10-11, 20. Claimant attended physical therapy for a period, which improved his instability; however, he still required the assistance of a cane while walking. *Id.* at 12-13.

The WCJ circulated a second decision on May 6, 2020.[3] She accepted Claimant's testimony in its entirety as credible and persuasive based on Claimant's demeanor while testifying and because it was supported by the testimony of Dr. Bruno. C.R., Item No. 12, WCJ Decision, F.F. No. 14. The WCJ found that Claimant continued to be disabled by the November 2, 2011 work injury. *Id.*, F.F. No. 16. Accordingly, the WCJ granted Claimant's Petitions but reinstated his total disability benefits as of November 30, 2016, the date Claimant filed the Petitions. WCJ Decision at 11.

Claimant appealed to the Board, arguing that our decision in *Whitfield* was inapplicable and that his total disability benefits should be reinstated as of May 30, 2014, the date of the constitutionally defective IRE. C.R., Item No. 13. The Board affirmed the WCJ on February 19, 2021, citing *Whitfield* and a later decision of this

---

[3] The proceedings on remand were consolidated with Employer's termination petition, which alleged Claimant had fully recovered from the November 2, 2011 work injury, and Utilization Review (UR) petitions filed by Employer and Claimant, seeking a review of the reasonableness and necessity of Claimant's medical treatment. C.R., Item No. 12, WCJ Decision, Findings of Fact (F.F.) Nos. 7, 9. In her May 6, 2020 decision, the WCJ denied Employer's termination and UR petitions, and granted Claimant's UR petition. WCJ Decision at 11. As the only issue before this Court is the proper date for reinstatement of Claimant's total disability benefits, we will not recount the evidence relating to the termination and UR petitions, except to the extent it relates to the instant appeal.

4

Court, *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020), in which we held that *Whitfield* controlled the date of reinstatement for a claimant who, like Whitfield, did not appeal the initial modification of her disability status but who was still collecting partial disability benefits when she sought reinstatement of total disability benefits based on *Protz I*. Because Claimant similarly failed to appeal the initial change to his disability status, and only sought reinstatement of his total disability benefits following our decision in *Protz I*, the Board concluded that the WCJ correctly reinstated Claimant's total disability as of November 30, 2016. C.R., Item No. 15, at 6. This appeal followed.[4]

## II. Discussion

The sole issue presented is whether the WCJ erred in reinstating Claimant's benefits as of the date he filed his Petitions. Claimant concedes that the procedural history in this matter mirrors that in *White*, as he did not appeal the initial change in his disability status and he first challenged the constitutionality of the May 30, 2014 IRE after *Protz I*, prior to the expiration of his 500-week period of partial disability. Nevertheless, Claimant maintains that *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), controls the date of his reinstatement to full disability status.

In *Dana Holding*, David Smuck (Smuck) was in the midst of challenging the change in his disability status before a WCJ when this Court decided *Protz I*, and the Supreme Court decided *Protz II* while Smuck's appeal of the WCJ's decision was pending before the Board. *Dana Holding*, 232 A.3d at 633. Smuck appealed the

---

[4] This Court's review is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Comp. Appeal Bd. (Selva)*, 928 A.2d 1006, 1009 (Pa. 2006). Where the issue presented involves a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

5

modification of his status to this Court, which held that *Protz II* applied retroactively to invalidate IREs for cases where the underlying IRE was still being actively litigated at the time *Protz II* was decided.[5]  *Id.*  We recognized that Smuck's disability status remained subject to continuing litigation and that his employer had no reasonable expectation that the IRE would be upheld.  *Id.* at 634-35.  Therefore, we concluded that *Protz II* applied retroactively and Smuck's total disability benefits were appropriately reinstated as of the date of the unconstitutional IRE.  *Id.* at 633.  The Supreme Court agreed that Smuck's disability modification was not final, as it "remain[ed] subject to a preserved challenge pursued by a presently aggrieved claimant."  *Id.* at 649.  Accordingly, the Supreme Court affirmed this Court; however, its decision limited the retroactive application of *Protz II* to cases "pending on direct appeal."  *Id.*

Although Claimant acknowledges that retroactive application of *Protz II* is limited to "cases pending on direct appeal in which the constitutional challenge has been raised and preserved[,]" he maintains that *Dana Holding* should inform our decision here, as the Supreme Court indicated it would not "exclude the possibility of equitable balancing in extraordinary cases[.]"  *Dana Holding*, 232 A.3d at 649.  Claimant notes that Smuck, the claimant in *Dana Holding*, challenged his disability status modification not on constitutional grounds, but on the basis that he had not yet reached maximum medical improvement.  Smuck merely benefited from the timing of his appeal, as it coincided with the rulings in *Protz I* and *II*.  Given that the IRE provisions in the Act were rendered void, Claimant contends that he should not be penalized with "losing over 130 weeks" of total disability benefits.  Claimant's Br. at 8.

---

[5] *See Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635, 643 (Pa. Cmwlth. 2018), *aff'd*, 232 A.3d 629 (Pa. 2020).

6

Problematically, Claimant's argument ignores the Supreme Court's rationale for retroactively applying *Protz II* in *Dana Holding*. The Supreme Court's holding did not address Smuck's reasons for challenging the validity of his IRE; rather, it turned on the *status* of his appeal at the time the Supreme Court decided *Protz II*. At that time, Smuck was actively litigating the initial change in his disability status; therefore, *Protz II* applied retroactively and Smuck's total disability status was restored as of the date of his IRE. With regard to the Supreme Court's statement in *Dana Holding* that it would not "exclude the possibility of equitable balancing in extraordinary cases[,]" Claimant has failed to identify any facts or circumstances that render this matter extraordinary such that it is distinguishable from the *Whitfield* line of cases. While the employer in *Dana Holding* had no expectation that it would ultimately succeed in Smuck's appeal of his IRE, the same cannot be said here, as Claimant first challenged the validity of his May 30, 2014 IRE more than 2 years later, on November 30, 2016, approximately 14 months after this Court decided *Protz I*.

*Whitfield* and its progeny must guide our decision here, as those cases addressed the situation where a claimant did not lodge an objection to the initial change in disability status and only challenged the validity of an IRE following our decision in *Protz I*.

Relevantly, Whitfield's disability status was modified from total to partial based on a June 13, 2006 IRE that assigned her a whole-body impairment rating of 44%. *Whitfield*, 188 A.3d at 602. *Id.* Whitfield received her last payment of partial disability compensation in mid-July 2015. *Id.* Citing *Protz I*, Whitfield filed a petition seeking reinstatement of total disability benefits on November 13, 2015. *Id.* at 603. The WCJ denied Whitfield's petition on the grounds that *Protz I* did not

expressly void all prior IREs or provide that it applied retroactively. *Id.* Whitfield appealed to the Board, which affirmed. *Id.*

On appeal to this Court, Whitfield argued for a fully retroactive application of *Protz I* and *II*, as the IRE upon which her change in disability status was premised had been declared unconstitutional and she had filed her reinstatement petition within three years after the date of her most recent payment of compensation. *Id.* at 612. Given the facts of the case, however, we declined to treat the issue raised as "purely a question of retroactivity." *Id.* at 616. We noted that a reinstatement of benefits is governed by Section 413(a) of the Act, which permits reinstatement of a claimant's workers' compensation benefits "upon proof that [her] disability has . . . recurred," provided that the reinstatement petition has been filed "within three years after the date of the most recent payment of compensation." Critical to our analysis was the meaning of "disability" under Section 413(a) of the Act. *Id.* at 612.

Although the term "disability" was generally synonymous with a loss of earning power resulting from a work-related injury, we noted that it could also relate to a claimant's status. *Id.* Former Section 306(a.2) of the Act, for example, provided a method whereby a claimant's disability status could be modified from total to partial without regard to any change in her earning power. *Id.* at 613. Such was the situation for Whitfield, whose disability status was modified, not due to any change in her earning power, but rather by means of an IRE. *Id.* at 614. The legal effect of *Protz I* and *II* rendered Whitfield once again eligible for total disability benefits. *Id.* In that regard, we likened Whitfield's situation to that of a claimant seeking reinstatement of benefits under suspension, a status which acknowledges a continuing medical injury. *Id.* at 614-15.

8

Reinstatement of suspended benefits, however, requires that a claimant demonstrate the reasons for suspension no longer exist. *Id.* at 615. Although Whitfield testified before the WCJ that she was unable to work, and her employer presented no evidence to the contrary, the WCJ made no credibility determinations with respect to Whitfield's testimony and simply denied her reinstatement petition on the grounds that *Protz I* did not apply. *Id.* at 616. Accordingly, we vacated the Board's order affirming the WCJ and remanded the matter for the purpose of determining whether Whitfield's disability continued. *Id.* at 617. If the WCJ credited her testimony, Whitfield was entitled to reinstatement "as of the date she filed her [p]etition." *Id.* at 616. Our decision did not alter Whitfield's past status; it merely "**[gave] effect to [her] status as it existed at the time she filed her reinstatement petition**." *Id.* at 617 (emphasis added).

In *White*, we extended the holding in *Whitfield* to include a situation in which the claimant, Yolanda White (White), first challenged the validity of an IRE prior to the expiration of her 500-week period of partial disability. *White*, 237 A.3d at 1231. The fact that White had not exhausted her 500 weeks of partial disability was not relevant. *Id.* Rather, we looked at *when* White first appealed the validity of the underlying IRE. *Id.* In that regard, because White had not appealed the modification of her disability status when it became effective in 2013, and she was not actively litigating the matter when either *Protz I* or *Protz II* was decided, she was only entitled to reinstatement of total disability benefits as of the date she filed her reinstatement petition. *Id.*[6]

---

[6] We have consistently applied *Whitfield* in unreported decisions of this Court. In *Moore v. Workers' Compensation Appeal Board (Sunoco, Inc. (R & M))* (Pa. Cmwlth., No. 715 C.D. 2017, filed June 6, 2018), and *Pavlack v. Workers' Compensation Appeal Board (UPMC South Side)* (Pa. Cmwlth., No. 702 C.D. 2017, filed June 6, 2018), we applied the holding in *Whitfield* **(Footnote continued on next page…)**

We are likewise unpersuaded by Claimant's suggestion that he is entitled to an earlier reinstatement date because his challenge to the May 30, 2014 IRE was "properly in litigation" at the time *Protz II* rendered Section 306(a.2) wholly unconstitutional. Claimant's Br. at 8. We disagree, as Claimant's IRE was sufficiently voided by *Protz I*, having been conducted pursuant to the Sixth edition of the AMA Guides, not the Fourth edition prescribed in *Protz I*. The critical factor in determining whether *Protz II* is fully retroactive is the claimant's status at the time he challenged his IRE.

To that end, Claimant's status was modified from total to partial on May 30, 2014, by means of an IRE and not a change in his earning power. He did not appeal this change to his disability status, and, at the time this Court decided *Protz I* on September 18, 2015, Claimant was not actively litigating any issues related to his receipt of benefits under the Act. After *Protz I* issued, the IRE that rendered Claimant partially disabled was no longer in effect and he was once more eligible for total disability benefits. Claimant's position was like those described in *Whitfield* and *White* – that of a claimant seeking reinstatement of benefits under suspension, a status that acknowledges a continuation of the work injury.

---

despite the factual differences, as the *Moore* and *Pavlack* claimants had filed for reinstatement of their total disability benefits prior to the expiration of their 500-week partial disability periods, and Whitfield had exhausted her 500 weeks of partial disability at the time she filed her reinstatement petition. *See also Vanston v. Workers' Comp. Appeal Bd. (Marian Cmty. Hosp.)* (Pa. Cmwlth., No. 933 C.D. 2020, filed May 12, 2021); *Ruggiero v. Com. of Pa. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 934 C.D. 2020, filed May 12, 2021). Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code § 69.414(a).

10

Per *Whitfield* and *White*, the WCJ correctly reinstated Claimant's total disability status as of November 30, 2016, the date he filed his Petitions. Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Campitelli, :
    Petitioner :
       :
   v. : No. 300 C.D. 2021
       :
Tyco International (US), Inc. :
(Workers' Compensation Appeal :
Board), :
    Respondent :

## **O R D E R**

   AND NOW, this 14th day of October, 2021, the February 19, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

           _____
           ELLEN CEISLER, Judge